JUDGE PETERS
delivered the opinion of the court:
This appeal is prosecuted by O’Neal, the purchaser of a part of a lot of ground within the limits of the city of Louisville, sold by virtue of a decree of the Chancellor, in a suit prosecuted by William Bannon against Christopher Brannin and others, all of the parties being devisees of William Bannon, sr., deriving the interests they have to the land sought to be sold under the will of said testator.
The title to this real estate is derived through the will of said testator, in which there is certainly a contingent *24 interest, depending on events which may hereafter happen; but the person or persons who may take a future interest in said estate are not now ascertained, because of the non-happening of the event on which the interest depends.
The plaintiff in the action, William Bannon, has a present and vested interest in the use of the estate, and the other devisees are defendants to the action, who, upon certain contingencies, may take the estate, and who must be deemed the representatives of those who in the future may, on the happening of the events provided for in the will, take the estate.
It is satisfactorily shown by the evidence that the interests of those who can claim the estate, both present and future, will be subserved by a sale of the entire estate.
The case, therefore, seems to be fully made out, in which, by virtue of the act of 23d August, 1862, entitled “ An act authorizing the sale of real estate and slaves in which there is a future contingent interest” (Myers' Sup., 426), a sale is authorized.
By the purchase of real estate at a sale made under the decree of a court, as prescribed by said act, it is declared in section 1 thereof, that the purchaser thereof, by complying with the terms of the sale prescribed in the decree, shall be vested with all the title of the present and future, or contingent claimants, to said real estate.
The other sections of the act provide for the securing and reinvestment of the proceeds of the sales, prescribing the duty of the court in relation thereto, and how the title shall be secured to all who may be interested.
But the purchaser cannot be prejudiced by the failure of the court to effectuate these provisions, and in this case the Chancellor has retained the cause for the pur *25 pose of reinvestment, as required by tbe act, as appears in the decree:
The Chancellor was, therefore, authorized by the act supra to decree the sale of the property; his decree conforms to its provisions, and cannot be annuled without an abrogation of the act.
Wherefore, the judgment is affirmed.